UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALONZO JOSEPH, CDCR #K-62045, <br><br> Plaintiff, <br><br> v. <br><br> Dr. DAVID CLAYTON, M.D., <br><br> Defendant. | Case No.: 3:19-cv-2139-GPC-RBM <br><br> **ORDER:** <br><br> **1) OVERRULING PLAINTIFF'S OBJECTION TO REMOVAL [ECF No. 3]** <br><br> **2) GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S EIGHTH AMENDMENT CLAIMS PURSUANT TO Fed. R. Civ. P. 12(b)(6) [ECF No. 4]** <br><br> **AND** <br><br> **3) DISMISSING PLAINTIFF'S RETALIATION CLAIMS SUA SPONTE PURSUANT TO 28 U.S.C. § 1915A(b)(1)** |

Currently before the Court are Plaintiff Alonzo Joseph's Objection to Removal [ECF No. 3] and Defendant David Clayton's Motion to Dismiss Joseph's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 4). Because the Court finds removal was proper pursuant

to 28 U.S.C. § 1441(a), it OVERRULES Joseph's objection and declines to remand the case to San Diego Superior Court. However, because the Court further finds Joseph's Complaint fails to allege facts sufficient to state a plausible Eighth Amendment claim, it GRANTS Clayton's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Finally, the Court *sua sponte* dismisses Joseph's claims of retaliation pursuant to 28 U.S.C. § 1915A(b)(1), declines to exercise supplemental jurisdiction over his state law general negligence and intentional tort claims pursuant to 28 U.S.C. § 1367(c), and GRANTS him leave to amend.

I. **Procedural Background & Plaintiff's Objection to Removal**

On May 31, 2019, Alonzo Joseph, who was then incarcerated at California State Prison–Sacramento, filed a civil complaint in San Diego Superior Court against Clayton, a medical doctor employed at Richard J. Donovan Correctional Facility ("RJD") in San Diego. *See* ECF No. 1-3 ("Compl.") at 2–5. Joseph checked both the "general negligence" and "intentional tort" boxes on the Judicial Council of California Complaint Form he used to assert claims of "Personal Injury, Property Damage, [or] Wrongful Death," but he also attached nine additional pages of facts in which he describes Clayton's "deliberate" attempts to "cut [him] off of [his] pain medication without any penological reason," while he was incarcerated at RJD in early 2018, and expressly invokes the Eighth Amendment. *Id.* at 6–8.[1] Joseph further alleged Dr. Clayton "deliberately retaliated" against him by

---

[1] The Court notes Joseph may have elected to append his Eighth Amendment claims to his state law claims in San Diego Superior Court because he is no longer entitled to bring a civil action or appeal in proceed in forma pauperis ("IFP") in federal court unless he is "under imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (under 28 U.S.C. § 1915(g) "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule"); *Joseph v. Sharma*, 2018 WL 4613022, at *3 (S.D. Cal. Sept. 26, 2018) (finding that "Plaintiff Alonzo Joseph, identified as CDCR Inmate #K-62045, while incarcerated, has had at least six prior civil actions or appeals dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted."), *appeal dismissed*, 2019 WL 1785432 (9th Cir. Mar. 20, 2019).

"playing games with [his] [t]ramadol pain medication," "without any penological reason," and that he filed a complaint against Clayton with the California Medical Board.[2] *Id.* at 9, 14. In support of these claims, Joseph attached four separate exhibits. *Id.* at 16–55.

The case was assigned Civil Case No. 37-2019-00027988-CU-PO-CTL in San Diego Superior Court, and on October 7, 2019, Clayton was served with a copy of the Complaint and summons. On November 6, 2019, however, Clayton filed a Notice of Removal based on this Court's original federal question jurisdiction pursuant to 28 U.S.C. § 1441(a). *See* ECF No. 1 ("Def.'s Notice of Removal") at 1–2.

On November 22, 2019, Joseph timely filed an Objection to Defendant's Notice of Removal, arguing he "should be able [to] remain in the state courts." *See* ECF No. 3; 28 U.S.C. § 1447(c). In it, Joseph argues that he "is raising a state claim," and contends that while "some claims can be raised on federal level," that "doesn't mean that [he must] file on a federal level." *Id.* at 1.

While it is generally true that "the plaintiff is the master of the claim; [and] he or she may avoid federal jurisdiction by exclusive reliance on state law," *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Easton v. Crossland Mortg. Corp.*, 114 F.3d 979, 982 (9th Cir. 1997); *Rutherford v. La Jolla Riviera Apartment House LLC*, 2019 WL 6125255,

---

[2] In his Motion to Dismiss, Clayton asks the Court to take judicial notice of facts from the Physician's Desk Reference (PDR) as "accurate and readily determinable from a source whose accuracy cannot reasonable be questioned." *See* Def.'s Mem. of P&A's in Supp. of Mot. to Dismiss, ECF No. 4 at 8–9 nn. 3–4. *See Cutler v. Corr. Med. Servs.*, 2011 WL 4479025, at *7 (D. Idaho Sept. 26, 2011) (noting that "Ultram (tramadol) … is a prescription medication that is a 'centrally acting synthetic opioid analgesic,'" and finding it "appropriate to take judicial notice of well-known medical facts, such as those contained in the Physician's Desk Reference.") (*citing United States v. Howard*, 381 F.3d 873, 880 & n.7 (9th Cir. 2004). Clayton cites the PDR's drug summary description which contains the following warning: "Tramadol is an opioid agonist and therefore has abuse potential and risk of fatal overdose from respiratory failure. Addiction may occur in patients who obtain tramadol illicitly or in those appropriately prescribed the drug." *Id.* at 8 n.3 (citing https://www.pdr.net/drug-summary/Ultram-tramadol-hydrochloride-950.904).

at *2 (S.D. Cal. Nov. 19, 2019), Joseph's Complaint in this case expressly alleges "Dr. David Clayton [has] been violating my Eighth Amendment rights by failing to take steps to improve a serious medical need," and contends Clayton's actions "amount[] to deliberate indifference," insofar as "he chose the course [in] conscious disregard [of] an excessive risk to [his] health." *See* ECF No. 1–3 at 6–7; 28 U.S.C. § 1441(c)(1)(A) (noting removal is proper even if federal law and state law claims are joined, so long as the "civil action includes—(A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of 28 U.S.C. § 1331 of this title….").

Thus, because a federal question is "presented in the face of [Joseph's] properly pleaded complaint," *Caterpillar, Inc.*, 482 U.S. at 392, and he has not "avoid[ed] federal jurisdiction by relying exclusively on state law," *Balcorta v. Twentieth Century–Fox Film Corp.*, 208 F.3d 1102, 1106 (9th Cir. 2000); *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009), removal was proper pursuant to 28 U.S.C. § 1441(a), and Joseph's objection [ECF No. 3] must be OVERRULED.

## II. Plaintiff's Factual Allegations

Joseph claims he has "severe cirrhosis of the liver," is ineligible for surgery, and suffers from "severe pain and discomfort" that "limit[s] [his] daily functions." *See* Compl., ECF No. 1–3 at 6, 11. He alleges that on February 14, 2018, March 3, 2018, March 8, 2018, March 9, 2018, and again on March 14, 2018, he "went [to] see[] … Dr. David Clayton, or the neurologists about [his] chronic pain issues," and the neurologist "told … Clayton to put [Joseph] on pain management." In so doing, Joseph claims Clayton "deliberately tr[ied] [to] cut [him] off [his] pain medication," and "play[ed] games with [his] [t]ramadol" "for no reason." *Id.* at 6, 9, 17, 19. Joseph further contends Clayton filed a "false report in [his] medical file" alleging he "refuse[d] to test," and claiming he had a "long use of drug abuse." Joseph claims, however, that while he has been in prison for 23 years, he has "never had a dirty test for anything," and has never received a "write up for cheeking any medication." *Id.* at 14. In sum, Joseph alleges Clayton tried to "label" him as a "drug abuse[r]," and "fail[ed] to take steps to improve [his] serious medical need," by ignoring "demonstrated

facts about [his] pain," and repeatedly prescribing "the same … 16 different anti-inflammatory meds" that "didn't work." *Id.* at 9, 14, 19.

In support of his Complaint, Joseph attaches the results of a lumbar spine x-ray dated March 3, 2018, which was recommended by an unidentified neurologist, together with a referral to a "PCP" for "pain mgmt" dated February 14, 2018. *Id.* at 21. Another exhibit documents Joseph's diagnosis of "mild to moderate multilevel degenerative endplate sclerosis and osteophytosis, progressed from [a] prior exam." *Id.* at 21–22. Also attached is a "Chronic Pain Intake Sheet" which Joseph claims to have completed sometime in 2015, and in which he reported diagnoses of "degenerative disc and joint disease," "19 years" of pain, 3 MRIs, "numerous" x-rays, referrals to orthopedic surgeons and neurologists, and a history of prescriptions for gabapentin, morphine, and tramadol. *Id.* at 14, 35–40. Additional random excerpts of Joseph's "Medication Administration Record (Controlled Substance)" ("MAR") dated March 2008, May–July 2016, June–July 2017, and November 25, 2016 through December 1, 2016, all account previously prescribed pain medications, including gabapentin, tramadol, morphine, and methadone. *Id.* at 44, 49, 50, 51.

### III. Clayton's Motion to Dismiss

#### A. <u>Arguments</u>

Dr. Clayton moves to dismiss Joseph's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) claiming it is based on a mere difference of opinion and not the "deliberate indifference" required to support an Eighth Amendment violation. *See* ECF No. 4 at 11–14 ("Def.'s Mem. of P&A's in Supp. of Mot. to Dismiss"). Clayton contends that the "robust development of the factual basis of [Joseph's] claim, through inclusion of the administrative remedies submissions and findings [he has attached] as exhibits" show his claim is based on a disagreement "between an inmate with no medical training and his physician regarding the best means of achieving pain relief in an institutional setting," and as such, is "not actionable" under § 1983. *Id.* at 8.

Joseph objects, claiming that his medical records "don't lie," and that they instead reveal Dr. Clayton's "deliberate[] and intentional[]" decision to "discontinue [his] pain

5

medication without any legitimate reason." *See* Pl.'s Opp'n [ECF No. 6] at 3. Joseph argues Clayton is "minimiz[ing] [his] medical condition," downplays his documented history of severe and prolonged pain, and ignores those parts of his MAR which document years of his having been previously prescribed "powerful painkillers" like morphine and tramadol. *Id.* at 2–3; *see also* Compl., ECF No. 1-3 at 44–47, 49, 50–55.

### B. <u>Standard of Review</u>

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A claim may be dismissed under Rule 12(b)(6) either for lack of a cognizable legal theory or failure to allege sufficient facts to support a cognizable legal theory. *Taylor v. Yee*, 780 F.3d 928, 935 (9th Cir. 2015). In ruling on a motion to dismiss, the Court accepts all allegations of material fact in the complaint as true and construes them in the light most favorable to the non-moving party. *Cedars-Sinai Medical Center v. National League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Villa v. Maricopa Cty.*, 865 F.3d 1224, 1228-29 (9th Cir. 2017). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Plausibility requires pleading facts, as opposed to conclusory allegations or the "formulaic recitation of the elements of a cause of action," *Twombly*, 550 U.S. at 555, which rise above the mere conceivability or possibility of unlawful conduct. *Iqbal*, 556 U.S. at 678-79; *Somers v. Apple, Inc.*, 729 F.3d 953, 959-60 (9th Cir. 2013). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. While a pleading "does not require 'detailed factual allegations,'" Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Therefore, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (citation and quotes omitted); *accord Lacey v. Maricopa Cnty.*, 693 F.3d 896, 911 (9th Cir. 2012) (en banc). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences [drawn] from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. United States Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678).

Finally, because Rule 12(b)(6) focuses on the "sufficiency" of a claim rather than the claim's substantive merits, "a court may [ordinarily] look only at the face of the complaint," *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002), including the exhibits attached to it. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). *Bryan v. City of Carlsbad*, 297 F. Supp. 3d 1107, 1114 (S.D. Cal. 2018), *appeal dismissed,* No. 18-55434, 2018 WL 3244047 (9th Cir. May 23, 2018).[3]

C. **Eighth Amendment Claims**

Only "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain ... proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 103, 104 (1976) (citation and internal quotation marks omitted). "A determination of 'deliberate indifference' involves an examination of two elements: (1)

---

[3] While "it is not the Court's duty to wade through exhibits to determine whether cognizable claims have been stated," *Woodrow v. Cty. of Merced*, 2015 WL 164427, at *4 (E.D. Cal. Jan 13, 2015), the Court considers the exhibits Joseph attached to his Complaint because he references these "attach[ed] pages" several times in the body of his pleading. *See* Compl., ECF No. 1-3 at 5, 8, 9, 10, 13; *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (reaffirming court's duty to liberally construe pro se pleadings after *Iqbal*).

7

the seriousness of the prisoner's medical need and (2) the nature of the defendant's response to that need." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1991), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc) (quoting *Estelle*, 429 U.S. at 104); *see also Wilhelm v. Rotman*, 680 F.3d 1108, 1113 (9th Cir. 2012); *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).

First, "[b]ecause society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992), citing *Estelle*, 429 U.S. at 103–104. "A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin*, 914 F.2d at 1059 (quoting *Estelle*, 429 U.S. at 104). "The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment." *Id.* (citing *Wood v. Housewright*, 900 F.2d 1332, 1337–41 (9th Cir. 1990); *Hunt v. Dental Dept.*, 865 F.2d 198, 200–01 (9th Cir. 1989)).

Here, Clayton does not argue that Joseph has failed to allege facts to plausibly show that his medical needs were serious, and the Court finds his Complaint is sufficiently pleaded in this regard. *See e.g., Rosado v. Alameida*, 497 F. Supp. 2d 1179, 1187 (S.D. Cal. 2007) (finding a prisoner's "end stage liver cirrhosis and … condition was serious and potentially life-threatening" under Eighth Amendment standards); *Watson v. Sisto,* 2011 WL 5155175, at *22 (E.D. Cal. Oct. 28, 2011) (noting no dispute that plaintiff's degenerative disc disease was a "serious medical need" subject to Eighth Amendment protection), *aff'd sub nom. Watson v. Swarthout,* 536 F. App'x 747 (9th Cir. 2013). "Degenerative disc disease poses its own unique set of medical issues, including serious consideration of the various medical treatment options available." *Jackson v. Rallos*, 2012 WL 1037937, at *31 (E.D. Cal. Mar. 27, 2012).

Therefore, the Court must next decide whether Joseph's Complaint further contains sufficient "factual content" to show Clayton acted with "deliberate indifference" to his needs. *McGuckin*, 914 F.2d. at 1060; *see also Jett*, 439 F.3d at 1096; *Iqbal*, 556 U.S. at 678. "Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004).

Clayton rightly contends that a mere "difference of medical opinion ... [is] insufficient, as a matter of law, to establish deliberate indifference," *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996), and that disagreements between a prisoner and his treating physician as to the need to pursue one course of treatment over another fall short of meeting that standard. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir.1989) (citing *Estelle*, 429 U.S. at 107). Instead, to sufficiently plead an Eighth Amendment violation based on "alternative courses of treatment," Joseph must allege facts sufficient to plausibly show that Clayton's "chosen course of treatment, *i.e.*, a reduction or discontinuation of his tramadol prescription based on a finding that he was "not a candidate for narcotic or any habit-forming medications," and the substitution of a continued course of "aspirin, salsalate, acetaminophen, and diclofenac" to instead manage his pain, *see* Pl.'s Ex. A, ECF No. 1-3 at 25, was "'medically unacceptable under the circumstances,' and was taken 'in conscious disregard of an excessive risk to [his] health.'" *Toguchi*, 391 F.3d at 1058 (citations omitted).[4]

---

[4] While a prisoner is "free to refuse specific medications or types of medication, he does not have a right to dictate what medications he will be prescribed." *Peacock v. Horowitz*, 2016 WL 3940346, at *7 (E.D. Cal. July 21, 2016) (citing *Stiltner v. Rhay*, 371 F.2d 420, 421 n.3 (9th Cir. 1967) (allegations that a prisoner feels he is not receiving the "the kind and quality of medical treatment he believes is indicated" do not "justify federal intervention."); *see also Medina v. Barenchi*, 2016 WL 7325508, at *5 (S.D. Cal. Dec. 16, 2016) (*sua sponte* dismissing Eighth Amendment claims against prison doctors pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A because "while Plaintiff obviously disagrees with Defendants' assessment of his need for narcotics to treat his pain," dissatisfaction alone is insufficient to support a deliberate indifference claim); *Hardwick v. California Dep't of Corr. & Rehab.*, 2018 WL 3244028, at *3 (E.D. Cal. July 3, 2018) ("Plaintiff's allegations

This is where Joseph's pleading fails—for while he broadly contends Clayton acted with "conscious disregard [to] an excessive risk to [his] health," and "deliberately ignored [his] standard medical needs," *see* Compl. at 7, 11, 12, these are only "[t]hreadbare recitals of the elements of a[n] [Eighth Amendment] cause of action, supported by mere conclusory statements." *See Iqbal*, 556 U.S. at 678. Without "further factual enhancement" which plausibly suggests Clayton modified Joseph's pain management plan to reduce his tramadol dependence knowing that it would cause a serious and medically unacceptable risk of harm to him, Joseph's Complaint fails to plead the deliberate indifference necessary to sustain a plausible claim for relief. *Id.*; *see also Toguchi*, 391 F.3d at 1058 (finding claims that "Seroquel is superior to Triafon, and therefore should not have been discontinued" insufficient to support showing of "deliberate indifference"); *see also DeGeorge v. Mindoro*, 2019 WL 2123590, at *7 (N.D. Cal. May 15, 2019) (finding prison doctor's decision "to wean plaintiff off morphine" was not "medically unacceptable" in light of other "reasonable steps [taken] to abate plaintiff's pain" and finding no deliberate indifference despite plaintiff's claims that only morphine was "very effective" in treating his lower back pain).

In sum, the Court finds Joseph's bare allegations that Clayton decided to "play[] games with his tramadol" because he "no longer think[s] [he] need[s] [it]," and instead prescribed "old medications," that Joseph contends "didn't work" to sufficiently alleviate his pain, *see* Compl., at 9, 14, do as Dr. Clayton claims, boil down to a "mere difference of opinion with [his] treatment plan," *see* Def.'s Mem. of P&As in Supp. of Mot. to Dismiss, ECF No. 4 at 15, and as such, simply do not rise to the level of cruel and unusual punishment. *Estelle*, 429 U.S. at 106 ("[A] complaint that a physician has been negligent in *diagnosing or treating* a medical condition does not state a valid claim of medical

---

fail to show that defendants denied or delayed treatment or that prescribing Sulindac without simultaneously giving him Prilosec was medically unacceptable."), *report and recommendation adopted*, 2018 WL 4441052 (E.D. Cal. Sept. 14, 2018).

mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." (emphasis added)); *Wilhelm*, 680 F.3d at 1122 ("[A] plaintiff's showing of 'nothing more than a difference of medical opinion as to the need to pursue one course of treatment over another' [is] insufficient, as a matter of law, to establish deliberate indifference.") (quoting *Jackson*, 90 F.3d at 332); *Gauthier v. Stiles*, 402 Fed. Appx. 203 (9th Cir. 2010) (affirming dismissal of plaintiff's disagreement with the dosage and type of pain medication administered after surgery as insufficient to show deliberate indifference).

For these reasons, Clayton's Motion to Dismiss Joseph's Eighth Amendment inadequate medical care claims pursuant to Fed. R. Civ. P. 12(b)(6) [ECF No. 4] is GRANTED.

**IV.    *Sua Sponte* Review and Dismissal of Retaliation Claims per 28 U.S.C. § 1915A**

The Court notes Clayton does *not* address Joseph's claims that he also "deliberately retaliated on [him] for no reason, by playing games with [his] [t]ramadol medication." Compl., ECF No. 1–3 at 14. However, to the extent Joseph intended to allege a separate First Amendment claim, the Court *sua sponte* finds his allegations insufficient to state a plausible claim of retaliation. *See* 28 U.S.C. § 1915A(b)(1); *Chavez v. Robinson*, 817 F.3d 1162, 1168 (9th Cir. 2016) (Section 1915A "mandates early review—'before docketing [] or [] as soon as practicable after docketing'—for all complaints 'in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.'"); *Olivas v. Nevada ex rel. Dept. of Corr.*, 856 F.3d 1281, 1283 (9th Cir. 2017) (Section 1915A requires that the court *sua* sponte dismiss a prisoner's complaint, "or any portion of the complaint," if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.") (quoting 28 U.S.C. § 1915A(b)).

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled

11

the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."). *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005).

Here, Joseph alleges Dr. Clayton took adverse action against him; but he fails to allege the Doctor's actions were caused by any protected conduct on Joseph's part, had a chilling effect on the exercise of his First Amendment rights, or that Clayton's pain management prescription regimen failed to allege advance any legitimate penological goal. *Id.*; *cf. Miller v. California Dep't of Corr. & Rehab.,* 2018 WL 534306, at *18 (N.D. Cal. Jan. 24, 2018) ("Taking a prisoner off opiates that are not appropriate for his medical condition also advances the legitimate penological goal of reducing prescription drug abuse and drug addiction among the prison population.").

And even if the Court were to assume the filing of complaint with the California Medical Board was "protected conduct," Joseph does not allege Clayton was aware of that complaint or any inmate grievance he filed while he alleges to have been under Dr. Clayton's care in February and March 2018. *See* Compl., ECF No. 1–3 at 6. In fact, Joseph's Exhibits show his complaint to the Medical Board of California was not submitted until October 21, 2018, *id.* at 29–33, and his CDCR 602 Health Care Grievance, Log. No. RJDHC 18003068, was not filed until December 10, 2018. *Id.* at 17–27. *See Sorrano's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1315–16 (9th Cir. 1989) (noting that while "the timing and nature" of an allegedly adverse action can "properly be considered" as circumstantial evidence of retaliatory intent, the official alleged to have retaliated must also be alleged to have been aware of the plaintiff's protected conduct); *Pratt v. Rowland*, 65 F.3d 802, 808 (9th Cir. 1995); *Wood v. Yordy*, 753 F.3d 899, 905 (9th Cir. 2014) (noting that "mere speculation that defendants acted out of retaliation is not sufficient" and affirming summary judgment where there was "nothing in the record to indicate [defendant] even knew about [an] earlier [law]suit."); *see also Coreno v. Gamboa*, 2011 WL 6334351 at *7 (N.D. Cal. 2011) (finding that while prisoner's allegations that doctor reduced narcotic pain medication in retaliation for his inmate grievances and complaint to

the California Medical Board were sufficient to show prisoner had engaged in protected conduct, his retaliation claim failed because he did not show doctor "was aware of such conduct at the time."); *accord Rojo v. Paramo*, 2014 WL 2586904, at *5 (S.D. Cal. June 10, 2014).

## V. State Law Claims

Perhaps because it was originally filed in San Diego Superior Court, Joseph's Complaint also alleges Clayton committed acts of "general negligence" and "intentional tort" arising under California law. *See* Compl., ECF No. 3-1 at 5, 8, 10, 13. Clayton does not move to dismiss these claims, but under 28 U.S.C. § 1367(c)(3), "district courts may decline to exercise supplemental jurisdiction over [state-law claims] if ... the district court has dismissed all claims over which it has original jurisdiction[.]"

"[W]hen deciding whether to exercise supplemental jurisdiction, 'a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity.'" *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997) (quoting *Carnegie Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors will point towards declining to exercise jurisdiction over the remaining state-law claims." *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc) (quoting *Carnegie Mellon Univ.*, 484 U.S. at 350 n.7).

Because the Court has dismissed all Joseph's federal claims but will grant him leave to amend, it declines to exercise supplement jurisdiction over his purported state law claims at this time. *See* 28 U.S.C. § 1367(c); *Acri,* 114 F.3d at 1001. Joseph is cautioned, however, that should he elect to amend his federal claims and include supplemental state law claims against Clayton, he must also allege pre-suit compliance with California's Tort Claims Act with respect to those claims. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1988) (holding that supplemental state law tort claims alleged in a § 1983 suit against both the individual and public entity defendants may be dismissed if the plaintiff "fails to allege compliance with California tort claims procedures" before filing suit).

13

## VI. Leave to Amend

Finally, Clayton argues that "the facts as developed simply cannot form the basis for a plausible claim of deliberate indifference," and therefore requests that the dismissal of Joseph's Complaint "be entered with prejudice." *See* ECF No. 4 at 15. But in light of his pro se status, the Court will grant Joseph leave to amend his pleading deficiencies against Dr. Clayton, if he can. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)). "Rule 15(a) is very liberal and leave to amend shall be freely given when justice so requires." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (quotation omitted).

However, Joseph's First Amended Complaint must be complete by itself without reference to his original pleading; any claim he fails to re-allege against Dr. Clayton will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey,* 693 F.3d at 928 (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

## VII. Conclusion and Orders

Accordingly, for all the reasons discussed, the Court:

1) **OVERRULES** Plaintiff's Objection to Defendant's Notice of Removal [ECF No. 3];

2) **GRANTS** Defendant Clayton's Motion to Dismiss Plaintiff's Eighth Amendment Claims pursuant to Fed. R. Civ. P. 12(b)(6) [ECF No. 4];

3) **DISMISSES** Plaintiff's claims of retaliation *sua sponte* pursuant to 28 U.S.C. § 1915A(b)(1);

4) **DECLINES** to exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(c); and

5) **GRANTS** Plaintiff leave to file a First Amended Complaint against Dr. Clayton no later than **April 1, 2020**. If Plaintiff fails to file a First Amended Complaint on or before April 1, 2020, the Court will enter a final Order dismissing this civil action in its entirety based both on his failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6) and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED**.

Dated: February 18, 2020

Hon. Gonzalo P. Curiel
United States District Judge