UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALONZO JOSEPH, CDCR #K-62045,<br><br>　　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>Dr. DAVID CLAYTON, M.D.,<br><br>　　　　　　　　　　Defendant. | Case No.  3:19-cv-2139-GPC-RBM<br><br>**ORDER DISMISSING CIVIL ACTION PURSUANT TO 28 U.S.C. § 1915(e)(2) AND § 1915A(b) AND FOR FAILING TO PROSECUTE IN COMPLIANCE WITH COURT ORDER REQUIRING AMENDMENT** |

　　　　Plaintiff Alonzo Joseph, proceeding *pro se*, currently incarcerated at California State Prison–Sacramento, filed a civil complaint against Dr. David Clayton, a medical doctor employed at Richard J. Donovan Correctional Facility ("RJD") in San Diego, CA. (Dkt. No. 1-3, Compl. at 2–5.)  He alleges Dr. Clayton's decision in 2018 to discontinue Tramadol in favor of non-narcotic pain relievers caused him severe pain and invoked the Eighth Amendment.  (*Id.* at 6-8.)  He claims that Dr. Clayton cut him off from his pain medication without any penological reason.  (*Id.*)  Joseph further alleges Dr. Clayton "deliberately retaliated" against him by playing games with "[his] [t]ramadol pain medication," "without any penological reason." *(Id.* at 9, 14.)

/ / /

## I. Procedural History

On February 18, 2020, the Court overruled Plaintiff's objection to removal, granted Defendant's motion to dismiss Plaintiff's Eighth Amendment claims under Federal Rule of Civil Procedure 12(b)(6), *sua sponte* dismissed Plaintiff's retaliation claims under 28 U.S.C. § 1915A(b)(1), declined to exercise supplemental jurisdiction over his state law general negligence and intentional tort claims pursuant to 28 U.S.C. § 1367(c), and granted him leave to amend. (Dkt. No. 8.)

Plaintiff was notified of his pleading deficiencies and granted leave to file an Amended Complaint that fixed them, if he could. (*Id.* at 7-13.) Plaintiff was also warned that his failure to amend would result in the dismissal of his case. (*Id.* at 15 (citing *Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into a dismissal of the entire action."))).

Plaintiff's Amended Complaint was due on or before April 1, 2020, and over one month has passed since the Court issued its February 18, 2020 Order. But to date, Plaintiff has failed to file an Amended Complaint, and has not requested an extension of time in which to do so. "The failure of the plaintiff eventually to respond to the court's ultimatum–either by amending the complaint or by indicating to the court that [he] will not do so–is properly met with the sanction of a Rule 41(b) dismissal." *Edwards v. Marin Park*, 356 F.3d 1058, 1065 (9th Cir. 2004).

## II. Conclusion and Order

Accordingly, the Court **DISMISSES** this civil action in its entirety without prejudice based on Plaintiff's failure to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b), and because he has failed to prosecute as required by the Court's February 18, 2020 Order requiring amendment. *See* Fed. R. Civ. P. 41(b).

The Court further **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) and **DIRECTS** the Clerk to enter a final

1  judgment of dismissal and close the file.

2  **IT IS SO ORDERED**.

3  Dated: April 29, 2020

Hon. Gonzalo P. Curiel
United States District Judge